IN THE UNITED STATES COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

RECEIVED
2005 JUN 10 P 1:56
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| INTERNATIONAL ASSOCIATION OF MACHINISTS AND AEROSPACE WORKERS, LOCAL LODGE 1632 | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Civil Action No. 1:05CV556-F ) |
| PEMCO WORLD AIR SERVICES, INC., | ) ) ) |
| Defendant. | ) ) |

## COMPLAINT

This is a suit, pursuant to Section 301(a) of the Labor Management Relations Act, 29 U.S.C.§185(a), to enforce an arbitration award.

### JURISDICTION AND VENUE

1. Jurisdiction for this action to enforce the terms of a contrct exists under Section 301(a) of the Labor Management Relations Act, 29 U.S.C. §185(a). Venue for this action exists in this Court pursuant to Section 301(c), 29 U.S.C. §185(c), because Defendant Pemco World Air Services maintains an office within the Court's territorial jurisdiction, and because authorized agents of Plaintiff International Association of Machinists and Aerospace Workers, Local Lodge 1632 are engaged in representing employees within the Court's jurisdiction.(Dothan, Houston County, Alabama)

## PARTIES

2. Plaintiff Local 1632 ("Local 1632" or "the Union") is a labor organization headquartered in Dothan, Houston County, Alabama and is a "labor organization" as that term is defined in Section 2(5) of the Labor Management Relations Act as amended, 29 U.S.C. §152(5).

3. Local 1632 is the exclusive collective bargaining representative of certain of the employees of the Pemco World Air Services in Dothan, Houston, County, Alabama, pursuant to Section 9(a) of the National Labor Relations Act, 29 U.S.C. §159(a).

4. Defendant Pemco World Air Services Inc.("Pemco") is an "employer" within the meaning of Section 2(2) of the Labor Management Relations Act, as amended, 29 U.S.C. §152(2), and its place of business is in Dothan, Houston County, Alabama, and is "an industry affecting interstate commerce," within the meaning of Sections 2(6) and 2(7) of the National Labor Relations Act, as amended, 29 U.S.C. §§152(6),(7).

## BACKGROUND FACTS

5. At all material times herein, Local 1632 and the Penco have been parties to a Collective Bargaining Agreement .(CBA).

6. Article VIII of the CBA sets forth a multi-step grievance procedure for the settlement of disputes between Local 1632 and Pemco which culminates in final and binding arbitration.

7. Under Article IV, Section 3(A) of the CBA, an employee must serve a 90-day

continuous service probationary period before he or she acquires seniority and rights attendant thereto under the CBA.

8. Article IV, Section 3 (B) further provides:

> "In the event, however, that a probationary employee is rehired within ninety (90) days after separation, he will receive credit for his previous length of continuous service as probationary employee, provided said probationary employee worked at least one (1) month prior to said termination in the same occupational group that he is placed in at rehire."

9. On June 1, 2004 Local 1632 filed a grievance alleging that Pemco was violating the CBA by failing to grant seniority under the Article IV of the CBA to employees referred to by the Arbitrator as "temporary contract employees obtained from agencies called contract houses" who had worked for 90 days pursuant to Article IV, Sections 3(B) and (C). When the grievance could not be resolved it was referred to arbitration.

10. On March 9, 2005 a hearing was held before Arbitrator Trevor Bain at which time each both Pemco and the Union were afforded an opportunity to call witnesses and present other evidence and argument.

.11. On April 26, 2005 the Arbitrator issued an opinion and award sustaining the Union's grievance and finding that the provisions of Article IV applied to temporary contract employees.

12. A true and correct copy of the Arbitrator's opinion and award is attached hereto as Exhibit A.

3

13. The Defendant Pemco has in bad faith failed and refused to abide by the Opinion and Award of the Arbitrator despite repeated demands by the Union that Pemco do so. .

## COUNT 1

14. Plaintiff hereby incorporates paragraphs 1-13 by reference herein.

15. By failing and refusing to abide by the Arbitrator's final and binding Opinion and Award, Defendant is breaching its contractual obligations to the Union.

16. There is no adequate remedy at law for the Defendant's contractual violation other than specific performance of their obligation to abide by the Arbitrator's final and binding Opinion and Award..

WHEREFORE, Plaintiff Local 1632 prays:

A. That this Court issue an order compelling Defendant Pemco to abide by the Arbitrator's Opinion and Award;

B. That Local 1632 awarded its costs of this suit;

C. That Local 1632 be awarded its reasonable attorney fees; and

D. That this Court award such other and further relief as it deems just and proper.

Respectfully submitted,

_____
Patrick K. Nakamura, Esq.
Alabama Bar No. ASB-1814-A64P

**NAKAMURA, QUINN & WALLS LLP**
Lakeshore Plaza, Suite 130
2204 Lakeshore Drive
Birmingham, AL 35209-6701
Telephone 205-802-1495
Facsimile 205-803-4143


Address of Plaintiff

International Association of Machinists and
 Aerospace Workers, Local Lodge 1632
127 Industrial Drive
Dothan, AL 36303

Address of Defendant

Pemco World Air Service Inc.
100 Pemco Drive
Dothan, AL 36303

Registered Agent :

Doris K. Sewell
1943 50th St. North
Birmingham, AL 35212